164

Plaintiff in error insists that his requested peremptory instruction should therefore have been granted.

The evidence is without dispute that Drake in the transaction of his business made his own contracts, employed, discharged, and paid those working with him, and instructed and controlled them with reference to their work.

Tanner employed Drake to run a string of pipe in a well, agreeing to pay him the customary charge of $40 for his and the services of his crew. Drake paid his men $6.50 each, which left him $9 as his earnings on the job; he furnished a car and gasoline to transport the men to and from their work, as well as the tools customarily furnished by a casing crew contractor, known as a "casing pole" and a "never-slip."

The Court of Civil Appeals correctly held that Drake was an independent contractor and not an employee. Security Union Ins. Co. v. McLeod (Tex. Com. App.) 36 S.W.(2d) 449; Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399; Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7; Lone Star Gas Co. v. Kelly (Tex. Com. App.) 46 S.W.(2d) 656; 23 Tex. Jur. p. 542.

This disposes of all errors assigned in the application for writ of error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court.

Henry E. Vernor and Marcus W. Davis, both of San Antonio, for plaintiff in error.

A. L. Matlock, Ben H. Kelly, and J. R. Cade, all of San Antonio, for defendants in error.

CRITZ, Commissioner.

This case was appealed from the district court of Bexar county, Tex., by C. F. Maul. Margaret Williams et al. were appellees in the Court of Civil Appeals. They are defendants in error here. The Court of Civil Appeals dismissed this case and did not pass on its merits. Maul prosecuted writ of error to this court. The writ was granted and on final hearing in this court the judgment of the Court of Civil Appeals was reversed and the cause remanded to that court. Under such a record the costs in this case should have been adjudged against the defendants in error. The adjudication of all other costs should have been left to the Court of Civil Appeals.

The motion to retax costs filed herein by C. F. Maul is granted, and the costs retaxed as above indicated.

Opinion adopted by the Supreme Court.

## MAUL v. WILLIAMS et al.
### Motion No. 11619; No. 1748—6214.

Commission of Appeals of Texas, Section A. Jan. 30, 1935.

## TEXAS & N. O. R. CO. v. WARDEN.
### No. 1809—6289.

Commission of Appeals of Texas, Section A. Jan. 23, 1935.